24-1286
Rana v. Bondi

BIA
Reid, IJ
A243 155 188/189
A243 156 037/038

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand twenty-five.

PRESENT:
> EUNICE C. LEE,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

BODRUZZAMAN RANA, T.Z.I., A.Z.A.,
HIRA AKTER,
> *Petitioners*,

> v.                                                          24-1286

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,

*Respondent.*[*]

_____

FOR PETITIONERS:         Xiaotao Wang, Esq., Law Office of Xiaotao
                         Wang, P.C., New York, NY.

FOR RESPONDENT:          Brett A. Shumate, Assistant Attorney General,
                         Civil Division; Shelley R. Goad, Assistant
                         Director; Jennifer A. Singer, Senior Trial
                         Attorney, Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Bodruzzaman Rana, a citizen of Bangladesh and Paraguay, his wife Hira Akter, a native and citizen of Bangladesh, and their children, natives and citizens of Brazil, seek review of an April 11, 2024 decision of the BIA that affirmed a September 11, 2023 decision of an Immigration Judge ("IJ") denying Rana's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and ordering Petitioners removed to Bangladesh or, in the alternative, to Brazil where Rana and Akter are lawful permanent residents.

_____

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

*In re Bodruzzaman Rana, et al.*, Nos. A 243 155 188/189, 243 156 037/038 (B.I.A. Apr. 11, 2024), *aff'g*, Nos. A 243 155 188/189, 243 156 037/038 (Immigr. Ct. N.Y.C. Sep. 11, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Rana has abandoned the claims relating to Bangladesh by not addressing the agency's dispositive bases for denying relief. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted). Rana does not challenge the agency's finding that he is barred (along with his family as derivative applicants) from asylum because he firmly resettled in Brazil. *See Makadji v. Gonzales*, 470 F.3d 450, 458 (2d Cir. 2006) ("An a[pplicant] seeking asylum in the

3

United States by reason of persecution in his homeland is ineligible for this relief if he firmly resettled in another country prior to arriving in the United States." (quotation marks omitted)).

The agency also found that Rana's testimony, while credible, required corroboration, and the evidence Rana offered was insufficient to corroborate his claims for withholding of removal and CAT relief. Rana does not challenge this finding in his brief, as he fails to "explain why the BIA and IJ erred" in requiring corroborating evidence or in finding that his documentary evidence did not adequately corroborate his claim. *Debique*, 58 F.4th at 684. Instead, he argues that the agency ignored certain U.S. State Department reports for Bangladesh, Petitioners' Br. at 30, but this argument is misplaced: we will not consider these reports because they were not before the agency, and Rana neither submitted them to the agency nor requested that the agency take administrative notice thereof. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based . . . .").

Rana's claims for asylum and withholding of removal to Brazil fail for lack of a nexus to a protected ground. "The burden of proof is on the applicant" for asylum and withholding of removal "[t]o establish that . . . race, religion,

4

nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant," 8 U.S.C. § 1158(b)(1)(B)(i), or that his "life or freedom would be threatened . . . because of" one of those protected grounds, *id.* § 1231(b)(3)(A). "Whether the requisite nexus exists depends on the views and motives of the persecutor." *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (quotation marks omitted).

Substantial evidence supports the agency's determination that Rana was not targeted in Brazil because of a protected ground. Rana testified that members of the Brazilian mafia vandalized his home and threatened him because they could not find his cousin, who had informed on them to the police, and he refused to tell them where his cousin was, but Rana did not testify that the mafia members mentioned his race or national origin. Thus, the record supports the agency's conclusion that the mafia targeted Rana because they wanted to retaliate against his cousin, not because of his race or national origin. Rana now also asserts that the mafia targeted him because of a political opinion. But "opposition to criminal elements such as gangs, even when such opposition incurs the enmity of these elements, does not thereby become *political* opposition simply by virtue of the gang's reaction." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 201 (2d Cir. 2021).

5

While there are circumstances in which opposition to gang activity can constitute political activity, *id.* at 198–201, Rana has made no argument and pointed to no evidence in the record that he fears retribution in Brazil for political activity rather than "over purely personal matters," *id.* at 199 (quotation marks omitted).

Lastly, Rana has abandoned his claim for CAT relief with respect to removal to Brazil by failing to raise it in his brief. *Debique*, 58 F.4th at 684.

For the foregoing reasons, the petition for review is DENIED. Petitioners' motion to stay is DENIED, and the government's motion to expedite is DENIED as moot.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>